(109 App. Div. 575)

In re WEST 214th STREET IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. .December 8, 1905.)

1. EASEMENTS—CREATION—DEEDS—CONSTRUCTION.
    Where the owner of a tract of land, a map of which, showing streets, had been filed in the office of the register of the county, conveyed various lots in fee, the lots being described by reference to the map, but the property conveyed extending to one-half of the streets, as shown on the map, on which the lots abutted, no easement being reserved in terms, each grantee received his property free from any easement in favor of the grantees of adjoining lots upon the street.

2. SAME—EXTINGUISHMENT.
    Where the owner of land, in absolute possession, inclosed it with a substantial fence, excluding all others from any interference with it, and there was no use of an easement over the land for 20 years, the same was extinguished.

    [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Easements, § 84.]

Appeal from Special Term, New York County.

Application by the city of New York relative to acquiring title to West 214th street, and from an order confirming the commissioners' report, a property owner, William B. Isham, appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Henry De Forest Baldwin, for appellant.
John P. Dunn, for respondent.

INGRAHAM, J. The commissioners awarded to the appellant, as the owner of parcel 8 on the damage map, the sum of $875, and for parcel No. 9, $562. The owner of this property filed objections, which were overruled at the Special Term, and the report of the commissioners confirmed, whereupon the property owner appealed.

The commissioners based their award for these two parcels upon the existence of an easement to which the property taken was subject, and it seems to be conceded that, if these two parcels of land were subject to no easement, the commissioners proceeded upon the wrong theory, and the court should have sent the report back to the commissioners for correction. The learned judge at Special Term, in confirming the report of the commissioners, said that "the original existence of the easement is not open to question," and proceeded to discuss the claim of the appellants that whatever easement was created by the conveyances to which attention will be called had been lost by the appellant's adverse possession of the property included within the bounds of parcels 8 and 9 upon the damage map.

There is no substantial dispute about the facts. Prior to the year 1860 a piece of property extending from the Kingsbridge Road to the Harlem river, and from what is now 211th to 216th streets, was owned by John H. Dyckman. It seems that he had prepared a map of that property, which was dated January 10, 1860. Upon that map certain streets and avenues, designated as 211th to 216th streets, inclusive, and Ninth and Tenth avenues were laid out, although no map of the city of New York for this locality has been filed, and no such streets and avenues had been laid out by the public authorities. On January 23, 1860, Dyckman conveyed the entire property to one Sacchi, without reference to the map and without reference to any of the avenues or streets upon it. On January 30, 1860, after Sacchi acquired title to the property, the Dyckman map was filed in the office of the register of the county of New York, and Sacchi sold and conveyed the lots into which the tract of land was divided. Title to damage parcel No. 8 was acquired by the appellant as follows: Lots 272 to 277, inclusive, were conveyed by Sacchi to one Bull by warranty deed dated December 31, 1863, and by Bull to one Burling by warranty deed dated January 26, 1865. These lots were conveyed by the following description:

"All those lots, pieces, or parcels of land situate in the Twelfth Ward of the city of New York, being part of premises designated on a map entitled 'Map of 547 Lots in the Twelfth Ward of the city of New York Belonging to John H. Dyckman,' made by Andrew Findlay, surveyor, 10th January, 1860, and filed in the office of the clerk of the city and county of New York, and which said lots hereby conveyed are bounded and described as follows: * * * Second. All those six lots which on the said map are designated by the numbers 272 to 277, inclusive, which taken together are bounded as follows: Beginning at a point on the northerly side of Two Hundred and Fourteenth street, five hundred feet easterly from the northeast corner of said Two Hundred and Fourteenth street and Tenth avenue; running thence southerly, in a line parallel with Tenth avenue, thirty feet, to the center of the said Two Hundred and Fourteenth street; thence westerly, in a straight line through the center of the said Two Hundred and Fourteenth street, one hundred and fifty feet; thence northerly, in a line parallel with the Tenth avenue, one hundred and thirty feet, to the center of the block between Two Hundred and Fourteenth and Two Hundred and Fifteenth streets; thence easterly, in a straight line through the center of said block, one hundred and fifty feet; thence southerly, in a line parallel with the Tenth avenue, one hundred feet, to the northerly side of Two Hundred and Fourteenth street, the point or place of beginning."

Burling having thus acquired title to these lots by a description which included one-half of 214th street, conveyed them to the appellant by warranty deed dated January 26, 1867. The description in this deed is as follows:

"All those certain lots, pieces, or parcels of land situated in the Twelfth Ward of the city of New York, being part of premises designated upon a 'Map of 547 Lots in the Twelfth Ward of the city of New York Belonging to John H. Dyckman,' made by Andrew Findlay, surveyor, January 10, 1860, and filed in the office of the clerk of the city and county of New York, which said lots hereby conveyed are bounded and described as follows: * * * Second. All those six lots which on the said map are designated by the numbers 272 to 277, inclusive, and which are adjoining Two Hundred and Fourteenth street. * * * Together with one-half of the streets and - avenues in front of and adjoining to all the above specified and numbered lots hereby sold and conveyed. * * * The said several lots above mentioned and numbered are parts and parcels of the premises conveyed by Peggy and John H. Dyckman by warranty

deed and with full covenants to Gustavus A. Sacchi, dated January 23, 1860, and recorded January 30, 1860, and all which said lots above mentioned are more particularly described in the deed of Julia W. Bull, widow of the late Thomas S. Bull, dated the 26th day of January, 1865, and recorded October 16, 1866, to Gilbert Burling, to which said deed reference is hereby had and made for a more particular description of the premises hereby conveyed."

The title of the appellant to damage parcel No. 9 was acquired as follows: Sacchi, by a deed dated the 31st of December, 1863, conveyed to Louisa Fischer Sacchi lots 266 to 271, inclusive, on the map, by substantially the same description as parcel No. 8, except that the six lots conveyed adjoined on the east the lots of which damage parcel No. 8 was a part. Louisa Fischer Sacchi conveyed the same premises to the appellant by deed dated January 26, 1867, by substantially the same description, with the exception of the lot numbers upon the map. The conveyance of parcel No. 9 was of the same date as parcel No. 8. So far as appears from this record all of the other lots fronting on 214th street were sold by deeds dated January 24, 1860, and recorded January 30, 1860. Each one of these conveyances contained substantially the same description as that employed in the conveyance to the appellant's grantors, and included the fee of 214th street to the center line of the street in front of the property conveyed.

After Sacchi had conveyed the premises on 214th street, including the bed of the street, with the exception of the 12 lots and one-half of 214th street in front, which was subsequently conveyed to appellant's grantor, did there exist an easement to which the portion of 214th street reserved by Sacchi was subject? That question must be determined by the situation as it existed after Sacchi had conveyed all of the property on 214th street, with the exception of these 12 lots which are now owned by the appellant. Whatever interest Sacchi had in those lots, including the portion of the street upon which they abutted, has passed to the appellant, and, unless there existed an easement after Sacchi had conveyed the other lots on 214th street, the property was not subject to an easement when acquired by the appellant's grantor. In these various conveyances the lots were described by reference to the map, but the property conveyed was an absolute estate in fee simple to one-half of the street on which the lots abutted. No easement was expressly reserved, and if one was reserved it must be by implication. There was conveyed an estate in fee simple in and to the property conveyed, which included one-half of the street. The express terms of these conveyances are inconsistent with an intention that this street should remain open, either as a public street or for the use of the owners of the other lots. That each grantor of a lot or lots to whom was conveyed the absolute unincumbered fee of one-half the street became the owner of that property, free from any easement in favor of the grantees of adjoining lots upon the street, seems to me to follow from the express language used in the deeds, where there is no easement of any kind reserved to each grantee. It was undoubtedly contemplated, when these conveyances were made, that at some future time there would be a street, which would coincide with the street as laid down on the map; but it seems to me that it was entirely inconsistent with the description in these conveyances to infer what was intended by the grants to create either a street for the use of the

public or the grantees of the other lots. There would undoubtedly arise by implication a right of way of necessity from these lots to an abutting avenue, but the only street that abutted upon the premises at the time was the Kingsbridge Road on the west; the Harlem river being on the east. I suppose that the grantee of any of these lots would be entitled to access to the lots to and from Kingsbridge Road. I do not think, however, that upon this record it appears that the portion of the street called 214th street upon the map, retained by Sacchi, was subject to an easement or right of way of any of the adjoining property owners. He then conveyed the remainder of the property fronting on 214th street as laid out on the map, including the bed of the street, to the appellant's grantors, and the appellant has succeeded to Sacchi's title by conveyances containing descriptions of the property expressly including this portion of the street conveyed. Immediately upon the appellant's acquiring title to this property he proceeded to inclose what he had purchased by a substantial inclosure, which included the bed of one-half of 214th street upon which his property abutted, and that inclosure has been maintained from the date of the conveyance in 1867, to the time when this proceeding was commenced, a period of nearly 40 years. The learned judge at Special Term, in disposing of the claim by the appellant, said:

"The character of the neighborhood was such that there was no need for any defined path along the line of 214th street, or some other streets, outlined on the map, in view of the manner in which the land was used. The streets thus outlined by the map and referred to in the several deeds were to be of value to the purchasers of the lots into which the land was divided when the use of the lots required the use of the streets; but, for the period of delay before the development of the city reached the point where these lots might profitably take the outward character of the city lots, the easement of way on the line of the streets was not of present value, and its nonuse was in no sense significant of an intention to abandon it upon the part of those to whom the right of way had been reserved."

I do not suppose that the intention of those to whom a right of way had been reserved, if any such there were, was a very material inquiry in determining whether the appellant had acquired by adverse possession the property free from the easement. It is what the appellant intended to do with his land that he had purchased that is material, and it seems to me that the evidence is quite conclusive that he intended to exclude from that property all other persons who might claim any right to it or to its use. He was in the absolute possession of the property. He claimed it under a deed which conveyed it to him by metes and bounds. He maintained about it a substantial inclosure. If any of the owners of the other lots upon 214th street intended to claim any right to use this strip of land that had been retained by Sacchi after he had conveyed the balance of the property in 214th street to others, they were bound to assert that right within 20 years after the appellant, having acquired the title to the property, had inclosed it with a substantial inclosure, excluding all others from any interference with it. We held in Matter of Fairmount Place, 73 App. Div. 394, 77 N. Y. Supp. 31, that an easement or right to use a portion of a piece of ground which was subject to an easement, laid out as a street, could be lost by nonuser for 20 years, where the land had, during that period, been

occupied adversely. In none of the cases cited was it held that the owner of lands subject to an easement could not acquire an unincumbered title to the land by an adverse possession of over 20 years.

I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the report sent back to the commissioners for correction in accordance with the views here expressed. All concur.