IGNACY POWLOWSKI and Another, Appellants, *v.* MOHAWK GOLF CLUB, Respondent.

Third Department, January 20, 1923.

**Deeds — construction — original grantor plotted lands easterly of public highway — map filed showed proposed cross streets and street parallel to public highway — owner obligated to dedicate streets to public — parallel street did not connect with any highway — plaintiffs' lot is on cross street — defendant purchased lots easterly of plaintiffs and constructed fence across cross streets — deed to plaintiffs purported to convey fee in proposed streets — plaintiffs acquired easement only in streets when opened — defendant cannot acquire right by adverse user — plaintiffs will not suffer irreparable damage — judgment for nominal damages will protect plaintiffs' rights — injunction denied.**

Where an owner of land divides it into building lots and makes and files a map and sells the lots with reference thereto he is obligated to dedicate the lands marked for streets to the public use, and the intent in a conveyance will be that each purchaser of a lot is to have the use of those streets as public streets are commonly used.

Where the owner sells a lot located on a proposed street by a deed which purports to convey the fee " in so far as we have the right so to convey the same, of all the streets and ways shown on said plan, in common with the owners of the other lots shown on said plan, subject to the right of all of the lot owners to make the customary use of said streets and ways," the grantee does not acquire any fee in the streets but an easement only in the streets when opened, and, before the streets are opened, convenient access to his lot from a public highway or street.

In an action to restrain the defendant from maintaining a fence across certain proposed cross streets laid out on a map filed by the original grantor it appeared that a public highway bordered the westerly side of the land plotted into building lots, that several proposed cross streets were laid out from the highway running easterly to a proposed street paralleling the highway; that the parallel street did not connect with any highway or street; that the plaintiffs purchased a lot on one of the cross streets and erected a house thereon; that the defendant subsequently purchased a large number of lots lying easterly of plaintiffs' lot and erected a fence on its westerly boundary and across the several cross streets.

*Held,* that the defendant cannot acquire as against the plaintiffs any right to the proposed streets by an adverse user, for the plaintiffs have no occasion to

assert any right to pass easterly until the streets have been opened or until demand is made upon the common grantor to open them and he fails to do so.

The plaintiffs cannot suffer any irreparable loss by reason of the maintenance of the fence since they have access to the main highway and since there is no highway to be reached from their lot by passing over the cross street on which their house is located and over the parallel street.

A judgment for nominal damages adequately protects plaintiffs' rights against any prescriptive rights that the defendant may acquire, and, therefore, an injunction was properly denied.

APPEAL by the plaintiffs, Ignacy Powlowski and another, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of Schenectady on the 24th day of July, 1922, upon the decision of the court rendered after a trial before the court without a jury, as adjudges that the plaintiffs are not entitled to an injunction or costs.

The facts are stipulated. In April, 1919, Everett C. Wells made a map on which land owned by him was plotted into lots and streets, and filed the map in the county clerk's office. The map is not in the printed record, but was handed to the court. None of the streets are laid out on the ground. But one public highway, Van Antwerp road, runs through or near this plotted ground and it is westerly of the lots sold to plaintiffs and defendant. From Van Antwerp road the plot shows three proposed streets, Hartland, Isleboro and Jaffrey, leading easterly to Mercer street, which extends across and along the easterly side of the plotted ground. There is no public highway or street lying to the east of this plotted piece, with which any plotted street may connect. That part of the plotted ground which lies easterly of Van Antwerp road is bounded upon the east by lands of the defendant Mohawk Golf Club, on the south by lands of the Mohawk Golf Club and lands appropriated for the Schenectady reservoir, and on the north by lands of Charles Benedict. In July, 1919, Wells conveyed to the plaintiffs three of these lots, fronting on Isleboro street. Upon these lots the plaintiffs constructed a residence, in which they were living at the time the action was begun. On the 24th day of July, 1919, Wells conveyed to the defendant a block of these lots, 144 in number, lying easterly of a straight line which is the easterly boundary line of the Schenectady reservoir property and that line extended to the lands of Charles Benedict. In April, 1921, the defendant constructed an iron fence upon that line and across Hartland street, Isleboro street and Jaffrey street. The plaintiffs' three lots are about 180 feet easterly from Van Antwerp road and 280 feet westerly from the fence constructed by defendant. The deed to the plaintiffs, after describing the land conveyed, contains this: " Together with the fee, in so far as we have the right so to

convey the same, of all the streets and ways shown on said plan, in common with the owners of the other lots, shown on said plan, subject to the right of all the lot owners to make customary use of said streets and ways." Plaintiffs ask that the defendant be restrained from maintaining the wire fence across Isleboro street and that so much of the fence as extends across Isleboro street, shutting off plaintiffs' premises from the use of the remainder of Isleboro street and Mercer street be removed. The court has found that the plaintiffs have suffered no damages to their lands, or to any proprietary right therein. It refuses to find, as requested by plaintiffs, that, in the event that defendant continues the fence permanently, plaintiffs' damages are uncertain and impossible of exact ascertainment, and irreparable, or that plaintiffs have no adequate remedy at law, or that on each day the trespass continues plaintiffs suffer at least six cents damages, the recovery of which would require a multiplicity of suits. The court awards nominal damages, six cents, and denies the injunction, " but without prejudice to the right of the plaintiffs to bring such action as they may hereafter be advised, based upon facts not inconsistent with those herein adjudged for such relief as they may be advised on account of any injury to their property hereafter occurring; or plaintiffs may at any time apply at the foot of the judgment herein, upon showing substantial injury from any cause to them hereafter occurring, for an injunction substantially as asked for in the present action, or as the court may direct." (119 Misc. Rep. 139.) The appeal is from those parts of the judgment only as determine that plaintiffs are not entitled to an injunction and are not entitled to costs.

*Abram Lifset* [*Andrew J. Nellis* of counsel], for the appellants.

*Walter Briggs* and *Cyrus W. Briggs* [*Walter Briggs* of counsel], for the respondent.

VAN KIRK, J.:

The interpretation of the deed " is not to be determined, under the circumstances, solely, by the language of the description. Reference may be had to what the facts evidence as the intention of the parties." (*Mott* v. *Eno*, 181 N. Y. 346, 373.) The words " the fee \* \* \* of all the streets and ways," in the clause of the deed, were not used in their ordinary meaning, or as the equivalent of " the fee of all the lands under the streets." They are so qualified by the other words used as to disclose plainly that the " use of said streets," not the " fee " in the lands under the proposed streets was intended. The expression is: " Together with the fee, in so far as we have the right so to convey the same, of all the streets and ways shown on said plan, in common with the

owners of the other lots, shown on said plan, subject to the right of all the lot owners to make customary use of said streets and ways." The making and filing of the map and selling of the lots with reference thereto obligated the grantor to dedicate the lands marked for streets to the public use and the intent was to convey to each purchaser of a lot the use of those streets as public streets are commonly used. There are shown upon this map some 300 lots. The grantor did not intend to deed to the plaintiffs, with their three lots, the fee of all lands on which the proposed streets are to be opened. He could not grant the fee to lands under these streets to one party and then, when he later grants to the several purchasers of the other 299 lots, open up the executed grant and give to each purchaser successively his proportionate share in the fee as a tenant in common with the former grantee. Assuming that the 300 lots are sold to 300 separate individuals, each such individual has, without expression in his deed, an easement in the streets. In *Lord* v. *Atkins* (138 N. Y. 184, 191) the court said: "It is well settled that when the owner of land lays it out into distinct lots, with intersecting streets or avenues, and sells the lots with reference to such streets, his grantees or successors cannot afterwards be deprived of the benefit of having such streets kept open. When, in such a case, a lot is sold bounded by a street, the purchaser and his grantees have an easement in the street for the purposes of access, which is a property right." We are of opinion that it was the intention of the parties to this deed to give to the grantee rights similar to those which the law, under the facts here, gave to the grantee without any express grant thereof in the deed, namely, an easement in the streets when opened, and before streets are opened, a way needful to furnish him convenient access to his lot from a public highway or street; this is as far as he has the right so to convey the same. (See *Reis* v. *City of New York*, 188 N. Y. 58, 70.) Whether or not these proposed streets shall become public streets rests with the municipality, not with the grantor.

We do not approve of the conclusion that "Unless restrained by the court such continued trespass, continuing for twenty years adversely, will entitle the defendant, its successors and assigns, as a matter of law, to continue the fence permanently and so to deprive the plaintiffs of rights, property and easements." An adverse possession, under which prescriptive title may ripen, involves an assertion of a right such as exposes the party to an action, unless he has a grant, for it is the fact of his being thus exposed, and the neglect of the opposite party to bring suit, which is seized upon as the ground for presuming a grant in favor of long possession

and enjoyment, upon the idea that this adverse possession would not have been submitted to if there had not been a grant. The whole theory of prescription depends upon a presumed grant and upon acquiescence and laches upon the part of the owner. (*Burbank* v. *Fay*, 65 N. Y. 57, 65, 66.) The construction of the fence does not necessarily assert title in contradiction of the real owner's title. (*Monnot* v. *Rudd*, 139 App. Div. 651, 654.) There is not here any assertion of a right in conflict with plaintiffs' present right. Plaintiffs have no occasion to assert their right to pass easterly until the streets have been opened, or until demand is made upon the grantor to open them and he fails to do so; no time is fixed when the streets shall be opened. The lot owners have no occasion to pass over or use streets which do not exist. (*Hinkley* v. *State of New York*, 202 App. Div. 570, 574; affd., 234 N. Y. 309.) We think such possession can never ripen into title as against such right as the plaintiffs may have and choose to assert later.

Under the facts disclosed here, the plaintiffs cannot suffer any irreparable loss by reason of the maintenance of this fence. Plaintiffs are within 180 feet of the Van Antwerp road; they are 880 feet from Mercer street. The southerly end of Mercer street terminates at the Mohawk Golf Club grounds and the northerly end at the private land of Charles Benedict. There is no highway to be reached from Mercer street and no present likelihood that a highway will be constructed connecting with it. The Mohawk Golf Club grounds extend the whole length of its easterly side. The use of Isleboro street, easterly from plaintiffs' premises, and of Mercer street, would add nothing under present conditions to the value of plaintiffs' property. On the other hand, defendant owns its property and should be allowed to use it. A court of equity is not required to make an inequitable decree. The judgment will adequately protect plaintiffs' rights against prescriptive rights. (*McCann* v. *Chasm Power Co.*, 211 N. Y. 301, 305, 306; *O'Reilly* v. *New York Elevated R. R. Co.*, 148 id. 347, 353.)

The defendant has not appealed. The plaintiffs have limited their appeal to that part of the judgment, (1) which refuses the injunction; (2) which refuses costs. While in both these respects a right result has been reached, these results rest upon errors of fact and law which are necessarily involved in the appeal. The judgment should, therefore, be reversed, without costs, and judgment should be directed in accordance with the stipulated facts and this opinion.

H. T. Kellogg, Acting P. J., Hinman and Hasbrouck, JJ., concur; Kiley, J., concurs in the result.

Judgment reversed on the law and facts, without costs, and judgment directed upon the findings of fact and conclusions of law covering and conforming to the stipulated facts and the opinion herein, which shall contain this provision: The plaintiffs are denied the injunction asked for but without prejudice to their right to bring an action, as they may be advised, to recover for injury to their property or rights or for exclusion from the streets when opened or when they of right may demand that they be opened. The court disapproves of findings of fact six and seven.