MARTIN FEUER et al., Respondents, v. CHARLES W. BRENNING, Individually and as Town Superintendent of Highways of the Town of Cortlandt, et al., Appellants.—

Plaintiffs purchased lots facing an avenue laid out on a map of a tract of land, which map was filed in the recording office in Westchester County by the developer of the tract. Defendants conceded at the trial that there had been no dedication of the avenue to the defendant town for public use. It has been found that there has not been, at the time of the trial, use of the area in front of plaintiffs' premises by the public for twenty years; and, therefore, it had not become by user a public highway. That finding of the Official Referee is supported by the evidence. In reliance on the case of *Hennessy* v. *Murdock* (137 N. Y. 317), the Official Referee found that the plaintiffs had title to the center of the avenue as it was laid out on the map. The determination in that case justified the finding. Subsequent to that decision, the Court of Appeals in *Matter of City of New York* (209 N. Y. 344), where the boundaries of a lot were not dissimilar to that in *Hennessy* v. *Murdock* (*supra*) held that the purchaser obtained no title to the land in the street. In *Matter of City of New York* (*supra*), the case of *Hennessy* v. *Murdock* was urged upon the Court of Appeals. Later cases, however, cite *Hennessy* v. *Murdock* as authority for holding that the purchaser of a lot bounded by a street laid out on a map by a developer has a private easement in the street for access. (*Dalton* v. *Levy,* 258 N. Y. 161, 165.) Such an easement is property which equity can protect by injunction. (*Cunningham* v. *Fitzgerald,* 138 N. Y. 165.) Therefore, even though plaintiffs did not have title to the center of the street, the defendants in the absence of an accepted dedication or public user for twenty years, had

no right, as against the plaintiffs, to tear up part of the street adjacent to the ramp, which had been laid level with the street for access to plaintiffs' premises. (Cf. *Lord* v. *Atkins*, 138 N. Y. 184.) Neither the Town Law (§ 67) nor the General Municipal Law (§ 50-e) required the·respondents to serve a notice of claim on the appellant town prior to the institution of this action. (Cf. *Sammons* v. *City of Gloversville*, 175 N. Y. 346, and *Missall* v. *Palma*, 266 App. Div. 861, affd. 292 N. Y. 563.) Johnston, Acting P. J., Wenzel, MacCrate and Schmidt, JJ., concur; Adel, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: Peekskill Knolls Realty Corporation purchased what was known as the Crum Farm, containing about 31½ acres, in 1926. In 1927, it filed a map showing the area divided into lots and streets. In 1933, by referee's deed in a foreclosure action, title to the premises in question, together with other property, was conveyed to Frank J. Bergen. In 1942 Bergen filed waht is called a tax disclaimer and abandonment of certain streets in the subdivision, which includes that portion of Ogden Avenue in front of the plaintiffs' property. On July 9, 1945, by deed, Bergen conveyed the fee of the bed of the street in question to the defendant town. The deed contains the provision that the grant is for highway purposes only. Thereafter by two deeds, dated, respectively, August 2, 1946, and August 19, 1946, Bergen conveyed the property now owned by the plaintiffs to one Turner, who made the improvements, consisting of a house, a garage and ramp and driveway leading thereto, a stone wall in front of the house and a sidewalk to the west thereof. Turner conveyed the property after the same was improved to the plaintiffs by deed dated October 29, 1948. In May, 1949, defendant Brenning, the town superintendent of highways of the Town of Cortlandt, turnpiked, macadamed and widened the traveled portion of Ogden Avenue, not, however, greater than the width shown on the filed map, title to which was then in the town under the deed of conveyance hereinbefore mentioned. In making the improvement, the sidewalk and driveway ramp upon the highway adjoining the plaintiffs' property was disturbed. This action in equity is brought by the plaintiffs against the town superintendent of highways and the town to compel them to restore that portion of Ogden Avenue as is immediately in front of the plaintiffs' premises to its former condition, and·the judgment provides such relief, or upon the defendants' failure to comply with the judgment, for money damages. The proof shows that plaintiffs never acquired title to any part of Ogden Avenue. At most all that plaintiffs have is an easement common to all other abutting property owners to use Ogden Avenue for travel and passage as a public highway. Plaintiffs, or their predecessors in title, built the sidewalk and driveway ramp on the land which they did not own and which erections constitute an encroachment on the rights of others who may be entitled to use the forty-foot strip as a highway. . The erections or improvements are upon land, the fee of which is in the town, whether or not the town had the right to accept the conveyance under the provisions of the Highway Law. I think it is settled law that there may be no recovery for interference with property unless the party seeking recovery has title or is entitled to possession of the property (*Alt* v. *Gray*, 55 App. Div. 563; *Johnson* v. *Blaney*, 198 N. Y. 312). The real question is not whether the town has title to the forty-foot strip but whether the plaintiffs have any rights in the property which it is alleged have been violated. The defendant town not having done anything upon its own land which it had no right to do, and not having entered upon or done anything upon the plaintiffs' land, plaintiffs may not be heard to complain or resort to equity to enjoin the defendant town's lawful use of its property. [201 Misc. 792.]