Abthub D. Bbewstait, J.
The plaintiff brings this action for an injunction against the defendants enjoining them from interfering with the use of a certain right of way, 15 feet in width and approximately 113 feet in length, which runs north and south to and from Huguenot Street and Westchester Place (public streets) in the City of New Rochelle, and lies between the properties owned by the plaintiff and the defendant, Huguenot Stations, Inc. In addition the plaintiff seeks to enjoin the defendants from using, trespassing, storing materials or constructing anything in or on said right of way, and for a money judgment as damages for the destruction of a fence formerly erected in the center thereof.
The defendant, Huguenot Stations, Inc. (hereinafter referred to as Huguenot) has interposed an answer containing a counterclaim wherein it seeks to have the plaintiff abate his encroachments on said right of way and wherein it alleges that it has an unrestricted easement for an unlimited and unobstructed use of said right of way.
It appears that on October 8, 1918 a subdivision map (dated Oct. 25,1917) was filed of a tract of land of which the properties of the plaintiff and Huguenot are a part. On said map the tract of land was divided into thirteen separate lots (numbered 1 through 4, and 5 through 13, respectively) and the subject right of way was laid out and so designated on said map.
By deed dated November 30,1917, the developer of the aforesaid subdivision conveyed all of the property shown on said map to the New York, New Haven & Hartford Railroad Company. By deed dated June 10, 1920, said railroad company conveyed the property, ‘ ‘ known and designated by lot numbers one (1) and two (2) ” on the aforesaid filed map, to National Playhouse Corp. In said deed it was provided as follows: “ Grantor hereby gives and grants to Grantee, its successors, assigns and licenses, the right to use the fifteen foot strip shown on the aforesaid map, as right of way for ingress and egress from and between Huguenot Street and Westchester Place, and to and from any building or buildings on said fifteen foot strip, such traffic use, however, to be limited to pedestrians only with the right, however to grantee and its assigns to carry to and *176 from the said building, by way of said strip, any merchandise and property.”
Thereafter, by mesne conveyances, the plaintiff derived title to the aforesaid property designated as lot 2 and a portion of lot 1, as shown on said filed map. This property has a frontage of 100 feet on Huguenot Street and a frontage of 102.14 feet on Westchester Place.
By deed dated February 2, 1922, said railroad company conveyed the property, ‘‘ known and designated as Lots Numbers 4, 5, 6 and 7 ” on the aforesaid filed map to one, George C. Fanelli. In said deed there was no express grant of any rights or easements in and to the subject right of way. Thereafter, by mesne conveyances, Huguenot, in June, 1954, derived title to this property which has a frontage of 110 feet on Huguenot Street and a frontage of 121.95 feet on Westchester Place. These streets, which run generally in an east-west direction, are public streets, fully paved and have sidewalks.
Prior to these last-mentioned two conveyances, the said railroad company by deed, dated May 28, 1919, conveyed to one, Hansen, Lot numbered 9 on the said map. In said deed it was provided as follows: ‘ ‘ Grantor covenants and agrees that whenever it or its successors or assigns opens up the strip of land 15 feet in width shown on the map hereinbefore referred to, that then Albert Hansen his heirs, grantees and assigns and his and their licensees, shall have the right to use said strip for pedestrian purposes only for ingress and egress from and between Huguenot Street and Westchester Place.”
Later on, the said railroad company, by deed dated February 11,1924, conveyed to one, Lasus, Lot numbered 12 (on said filed map), “ Together with a right of way of ingress to and egress from and between Huguenot Street and Westchester Place for pedestrians only over ” the subject right of way.
This court finds from the credible evidence adduced that for approximately 30 years last past the subject right of way has been used for pedestrian travel and not for vehicular travel; that there have never been curb cuts in front of the subject right of way on either of the public streets between which the right of way runs.
The first two floors of the building erected on the plaintiff’s property were constructed in 1929 and the upper three floors thereof were constructed in 1931. Said building covers the entire parcel. There are two door openings and windows of the building facing the easterly side of the subject right of way. At the time of the construction of this building there were con *177 structed "below the surface of the subject right of way and abutting the building on the westerly side thereof, areas for light and air for the subsurface space. These areaways are covered by open steel gratings measuring about 2 and % feet in width. Further, a 3,000-gallon fuel tank was placed (and is still located) below the surface of the center of the right of way. A concrete walk was constructed at that time along the entire length of said right of way. A wire fence, approximately 4 feet in height with steel posts, was erected down the center of the subject right of way from a point approximately 19 or 20 feet south of the Huguenot Street line to a point a few feet north of the street line of Westchester Place. This fence was open at both ends. It may fairly and reasonably be inferred from the record and this court finds that this fence was constructed in or about 1929 for the purpose of preventing the use of the right of way for vehicular traffic.
In April, 1958, Huguenot demolished and removed this fence, commenced to store building material on the right of way and claimed for the first time that it had the unrestricted right to use the right of way including the use thereof for vehicular ingress and egress to and from its premises. In addition, Huguenot now contends that it has an easement by grant; that such easement covers the entire width of the right of way and that it is entitled to an injunction to restrain the further obstruction by the plaintiff of the defendants ’ full and free access, on foot and by vehicle, over the full designated width of the right of way as shown on the filed map.
The defendants’ preliminary objection to the effect that this action may not be maintained by the plaintiff because he is not the owner of the fee in and to the right of way and therefore may not enjoin the defendants from their use of the same, is overruled. This court holds that to the extent that the plaintiff asserts that his rights in and to the right of way are or will be obstructed or interfered with by an actual or threatened improper use thereof on the part of the defendants, the action may be maintained. (Cunningham v. Fitzgerald, 138 N. Y. 165.)
In determining the rights of the respective parties in and to the subject right of way, it is important to bear in mind that the situation in the case at bar does not involve rights of lot owners to streets, alleys or rights of way which do not abut the properties of said owners but is one in which the right of way adjoins and abuts each of the respective properties owned by the plaintiff and Huguenot. Although the conveyance to Huguenot’s predecessor in title does not contain a grant of an *178 express easement in the subject right of way, the general rule seems clear that where, as here, a conveyance is made of lots described with reference to a plot or map upon which streets and ways are shown, an easement therein is implied at least to those upon which the lots abut. (Badeau v. Mead, 14 Barb. 328; Lord v. Atkins, 138 N. Y. 184; Lowenberg v. Brown, 79 App. Div. 414; Feuer v. Brenning, 279 App. Div. 1033, affd. 304 N. Y. 881.) However, the extent of an implied easement is to be determined by the intent of the parties and the circumstances existing at the time of the conveyance by the common grantor. (Matter of City of New York [Northern Blvd.], 258 N. Y. 136; 17A Am. Jur., Basements, § 116, p. 724.)
Taking into consideration the limited width of the right of way in the case at bar, the limitations which the common grantor imposed upon each and all of the easements expressly granted with respect to the conveyances made by it as to lots 1 and 2, 9 and 12 (as hereinabove set forth), the fact that at no time following the filing of the map and the opening of the right of way were the curbs at the northerly and southerly termini thereof cut or opened so as to permit ingress and egress by vehicles, together with the confirming factors that said right of way has never been used for vehicular traffic and that prior to 1958 no owner or his or its predecessor in title had asserted any claim or right to an unrestricted use of said right of way, this court concludes that the implied easement possessed by Huguenot was and is limited solely to the use of the right of way for ingress and egress by pedestrians.
In the light of the above, this court holds that the plaintiff is entitled to judgment, with costs, restraining the defendants, their officers, agents, employees, representatives and assigns from using said right of way for any purpose other than for pedestrian travel. The plaintiff has failed to establish his alleged right to- maintain in the center of the subject right of way, the post and wire fence hereinabove mentioned and his claim for damages for the demolition thereof, is dismissed. With respect to the amended answer of Huguenot, the same is disposed of as follows: The affirmative defenses therein contained are not sustained; and the counterclaim for affirmative relief requiring the plaintiff to abate his use of the alleged encroachments on said right of way, is dismissed, for said defendant has failed to establish any interference caused by said encroachments to and with its above-limited right to use the right of way for pedestrian travel. As to the remaining defendant, this court holds that it has failed to establish by *179 any credible evidence the allegations set forth in the affirmative defenses contained in its amended answer.
The foregoing constitutes the decision of this court, pursuant to section 440 of the Civil Practice Act.
The exhibits herein may be obtained at the office of the Clerk of Special Term, Part II.
Settle judgment on notice.