Leon D. Lazer, J.
May a lot owner’s right of egress and ingress over an undedicated street on a filed map be extinguished by adverse possession? The issue is posed in this action in which plaintiffs seek a declaration of their rights to utilize a Fire Island walkway obstructed by the defendant whose possession allegedly has continued for the required statutory period.
The contesting parties are the fee owners of certain lots on the map of Corneille Estates, a 150-lot subdivision plat which was filed in 1905. In the deeds by which defendant acquired his lots between 1952 and 1957 and plaintiffs obtained theirs in 1968 the property conveyed was described by reference to map and lot number. Dehnhoff Roadway, the filed map street in issue, is 25 feet in width and runs from Great South Bay on the north to the Atlantic Ocean on the south. It is intersected by an east-west street called Midway which is well north of the parties’ property and which has been improved with a concrete roadway. Defendant’s eleven lots, which he has improved with dwellings, run north from the ocean and are located on both sides of Dehnhoff Roadway. Plaintiffs’ six lots, which he has also improved with homes, lie to the north of those of defendant and are directly adjacent to them on the western side of the roadway. Plaintiffs have constructed a four-foot wooden walkway on Dehnhoff running northerly from in front of their lots to connect with a short section of walk which runs south from Midway. Aside from these walkways, Dehnhoff Roadway has never been improved nor has it been dedicated. The plaintiffs are unable to reach the ocean over Dehnhoff Roadway because of a grove of trees and other obstacles allegedly planted and placed there by the defendant more than 15 years prior to the institution of this action. Although access to the ocean is available to the plaintiffs by use of another street which is off the map of Corneille Estates, they seek direct access to it by extending their walkway southerly over that portion of Dehnhoff Roadway which runs between defendant’s lots.
While defendant does not deny that an implied easement of ingress and egress over Dehnhoff Roadway was created for plaintiffs’ benefit by the filing of the map of Corneille Estates (see Matter of City of New York [Northern Boulevard], 258 NY 136; Rose v Indian Park Assn., 3 AD2d 274), he contends *385 that his adverse possession has extinguished plaintiffs’ easement rights. The plaintiffs concede that, because defendant owns the lots on either side of Dehnhoff Roadway, he has title to that portion of it which intersects his land (see Ann, 49 ALR2d 999) but they maintain that their ownership of lots on the filed map precludes the extinction of their easement rights by adverse possession.
Defendant’s primary reliance is upon the general principle, last restated by the Court of Appeals in Gerbig v Zumpano (7 NY2d 327), that an easement created by grant, express or implied, can be extinguished, inter alia, by adverse possession (see also Matter of City of New York [Willard Parker Hosp.], 217 NY 1; 5 Warren’s Weed, New York Real Property, Streets and Highways, § 1.04). A multiplicity of other jurisdictions have held that easements of lot owners over filed map streets can be extinguished by adverse possession (see, e.g., Wattles v Village of McHenry, 305 Ill 189; Mumaw v Roberson, 60 So 2d 741 [Fla]; Brewer v Claypool, 223 Iowa 1235; Desotell v Szczygiel, 338 Mass 153; Harris v City of South Portland, 118 Me 356; Klein v Dove, 205 Md 285; Dulaney v Bishoff, 165 Pa Super Ct 207; Outlaw v Moise, 222 SC 24; see 3 Tiffany Real Property [3d ed], § 827; Ann., 1 ALR 887; but see Burkhard v Bowen, 32 Wn 2d 613).
In response, plaintiffs have cited a number of cases which stand for the rule that grantees of lots abutting a street on a filed map are entitled to have the land so demarcated remain as a street "forever” and cannot be deprived of the benefit of having those streets left open (Lord v Atkins, 138 NY 184; Fiebelkorn v Rogacki, 280 App Div 20, affd 305 NY 725; see, also, Reis v City of New York, 188 NY 58; White’s Bank of Buffalo v Nichols, 64 NY 65; Wysocki v Kugel, 282 App Div 112, affd 307 NY 653; Hunter v Van Keuren, 130 Misc 599). Research establishes that the apparently contradictory theses propounded by these litigants can be reconciled by analysis of other relevant decisional law and that the actual rule in this State permits the extinction of easement rights in a platted street only under severely restricted circumstances.
Adverse possession is a doctrine of inchoate title which might ripen into perfect title by the lapse of time (Bordwell, Property in Chattels, 29 Harv L Rev 374, 378). The policy and purpose of the doctrine is the settlement and repose of titles (Berke v Lang, 202 Misc 1108) and thus the Statute of Limitations which embodies the doctrine has proprietary as well as *386 procedural significance and accomplishes more than the simple barring of stale claims. The doctrine of adverse possession, which in essence permits a person to take someone else’s private property for his own use (2 CJS, Adverse Possession, § 2), is rationalized by a number of judicially created fictions stated as presumptions. Two such presumptions, each vital to the establishment of adverse possession, do not exist when the right sought to be appropriated is an easement created by reference to a filed map.
Of the five essential elements necessary to constitute an effective adverse possession, the first is that the possession must be hostile and under a claim of right (see Belotti v Bickhardt, 228 NY 296). Ordinarily, possession accompanied by the usual acts of ownership is presumed to be adverse (and thus under claim of right) until shown to be subservient to the title of another (Monnot v Murphy, 207 NY 240; Barnes v Light, 116 NY 34; Smith v Folmsbee, 31 AD2d 584; Weil v Snyder, 25 AD2d 605; see, also, Di Leo v Pecksto Holding Corp., 304 NY 505). However, if the occupation begins with a recognition of the real owner’s estate, it is presumed that the entry is subservient to that estate and that the one making the entry intends to hold honestly and not tortiously (Lewis v New York & Harlem R. R. Co., 162 NY 202; 5 East 73rd v 11 East 73rd St. Corp., 16 Misc 2d 49, affd 13 AD2d 764). A presumption flows from the putative adverse possessor’s prior acceptance of a deed conveying property described by plat reference that his entry upon the servient tenement was made in subordination to the servitude and that the occupation is temporary until the use of the easement by other lot owners should be required (see Matter of Village of Olean v Steyner, 135 NY 341; Wysocki v Kugel, supra; see, also, Matter of City of New York [125th & 126th Sts.], 270 NY 495; Hubbard v City of White Plains, 231 NYS2d 313). Therefore, in a mapped street case, occupation cannot be presumed to have been made under a claim of title hostile to other lot owners where the occupier received his own lot subject to the reservation (Smyles v Hastings, 22 NY 217). Possession by one lot owner is not adverse as against other lot owners who have no occasion to assert their rights in the easements (Smyles v Hastings, supra) and such possession can never ripen into title against such rights as cograntees may have and choose to assert later (Powlowski v Mohawk Golf Club, 204 App Div 200). The rule is the same regardless of whether or not the occupying lot *387 owner has title to the roadbed in issue (see Smyles v Hastings, supra; Matter of Village of Olean v Steyner, supra).
A second element fundamental to the rise of title through adverse possession is the acquiescence of the real owner in the exercise of an obvious, adverse or hostile ownership through the statutory period (see Monnot v Murphy, supra). Title is lost by the neglect of the real owner to avail himself of his legal rights (Baker v Oakwood, 123 NY 16) and where the true owner fails to assert his legal title despite unequivocal acts of hostility by a usurper he is deemed to have acquiesced in the adverse ownership (DeRosa v Spaziani, 142 NYS2d 839) and by laches to have forfeited his rights (Baker v Oakwood, supra). Such acquiescence is not to be presumed where the legal right is that of a lot owner to use a filed map street, for in such a case nonuser alone cannot extinguish the easement (Hennessy v Murdock, 137 NY 317; Welsh v Taylor, 134 NY 450) and open, notorious, exclusive and continuous possession by one lot owner plus nonuse by other owners is not adverse during such time as the other owners have no occasion to use the easement. Thus, the rule in this State is that an easement created by reference to a filed map can be extinguished only by the united action of all lot owners for whose benefit the easement was created (Matter of Village of Olean v Steyner, supra; City of Niagara Falls v New York Cent. & Hudson Riv. R. R. Co., 41 App Div 93). In mapped street cases, the possession can only become adverse when the occupier proves that his affirmative acts of possessory ownership were known to all of the lot owners at times when each had occasion to assert a right to the use of the servient tenement. This, of course, is a burden that will rarely be sustained.
The defendant has cited a number of cases which on surface appear to support his argument that the doctrine of adverse possession applies without exception to platted street cases. However, where defendant’s authorities involve conveyances by metes and bounds and not by map and lot reference (see Matter of City of New York [West 214th St.], 109 App Div 575) the holdings are not germane because in those cases no grant of an easement is implied and acceptance of such a deed does not indicate a recognition of proposed street areas (Sterrer v Genoa, 64 Misc 2d 502). Defendant’s reliance on Matter of Mayor of City of New York (73 App Div 394) is also misplaced because the court, which there awarded condemnation damages to the street owner on the basis of his having extin *388 guished the easements by adverse possession, declared that there was "no evidence that any other lots were sold, or that any other persons acquired any rights to this street.” Where there are such other lot owners whose rights are affected by the alleged adverse possession, substantial damages for street ownership will be denied on the ground that the purported adverse possession has not extinguished their easement rights (see, e.g., Matter of City of New York [125th St] supra). Woodruff v Paddock (130 NY 618), also cited by defendant, involved a four-lot subdivision in which the grantor of a single lot to plaintiffs predecessor intended to convey no interest in the right of way and the grantee took with full knowledge of the adverse possession. The latter was found to have acquiesced in the adverse possession.
Defendant’s efforts to prove that he placed his obstructions on Dehnhoff Roadway to prevent other persons from using it during the period of his occupation do not establish how much of the map of Corneille Estates was ever developed. Neither is there any proof in this record that defendant’s cograntees on the map needed or sought to use the right of way during the same period nor that all of them acquiesced in his possession. He has therefore failed to prove that his possession was adverse and the preferred testimony concerning the commencement date of his possession is irrelevant. Plaintiffs’ easement survives and it is a property right which equity can protect by injunction (Feuer v Brenning, 279 App Div 1033, affd 304 NY 881) to the extent that the encroachments maintained by the defendant interfere with use of the right of way for pedestrian travel (cf. Markusfeld v Huguenot Stas., 15 Misc 2d 174).
Settle judgment declaring plaintiffs’ rights in Dehnhoff Roadway and enjoining maintenance by defendant of obstructions of said roadway which will impede plaintiffs’ reasonable pedestrian passage. Should a further hearing be required on the latter issue either party may apply for such relief at the foot of the judgment.