■ RUTH M. ALLEN, Appellant, v PAUL J. ALLEN, Respondent.—Judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed, without costs. Denman, J., not participating. Memorandum: In 1960 plaintiff and her husband, who died in 1971, bought a house and lot for investment purposes and had the deed run to defendant, their 19-year-old son who was then in military service. They later bought an adjacent lot and in 1963 they conveyed that to defendant. They had both deeds recorded, but they retained the deeds thereafter. Defendant knew nothing of these conveyances until a few years later, and he made no representation to plaintiff or his father with respect to them. Plaintiff testified that the properties, known as 62 Olean Road, were placed in defendant's name "for tax purposes". The parents maintained the property and collected the rents. Annually they arranged to have defendant's income tax return prepared, including therein the receipts and expenses of this property, he signed the return and the parents paid defendant the amount of the resulting additional income tax. When plaintiff's husband died this property was not listed as part of his assets. He had never asked defendant to reconvey the property to plaintiff and him. In 1973 plaintiff became ill and defendant and his wife began to manage the property for

her. Plaintiff became dissatisfied and asked defendant to reconvey the property to her. Upon his failure to do so she instituted this action to compel reconveyance. She alleged an agreement on defendant's part to hold the property in trust for his parents. No proof was presented to establish such an agreement or any fraud or misrepresentation on defendant's part. Hence, there is no basis upon which the court may impress a constructive trust on the property in favor of plaintiff (see *Sinclair v Purdy,* 235 NY 245, 253). Moreover, in view of the death of plaintiff's husband without ever seeking a conveyance of the property from defendant, the court is not in a position to make a truly equitable decree in compliance with plaintiff's demand and hence it should not attempt to do so *(Forstmann v Joray Holding Co.,* 244 NY 22, 29-32; *Powlowski v Mohawk Golf Club,* 204 App Div 200, 204; 20 NY Jur, Equity, § 78). Plaintiff's argument on this appeal that there was no delivery of the deeds to defendant and so defendant never acquired title thereto, was not supported by appropriate allegations in the complaint, and no motion was made to amend the complaint to conform to the proof. The Trial Justice assumed that the complaint justifies the proof. Assuming an appropriate pleading, we think that the record supports the court's holding that the presumption of delivery of the deeds which accompanied their recording *(Ten Eyck v Whitbeck,* 156 NY 341; 1A Warren's Weed, New York Real Property [4th ed], Delivery, § 5.02) was not rebutted by plaintiff's testimony that she and her husband did not intend to make a gift on delivery of the deeds to defendant. In addition to recording the deeds, the parents told him of the conveyances, and they recognized that the deeds had been delivered by their action in having the income and expenses of the properties reported in his annual income tax returns. Moreover, upon the death of plaintiff's husband, these properties were not included in the estate tax return for his estate, again a recognition that the deeds had been delivered. This case is thus distinguishable from *Manhattan Life Ins. Co. v Continental Ins. Cos.* (33 NY2d 370, 372) upon which plaintiff relies. This being an action in equity, however, we think that on this record the trial court improperly granted judgment to defendant on the amended answer, thus depriving plaintiff of the possessory interest which she has for years enjoyed in the property and which defendant conceded his willingness that she continue to have during her lifetime. The record justifies a holding that the parents reserved a life interest in the property, and the judgment should be modified to dismiss the complaint and to declare that plaintiff has a life use in the property with remainder in defendant (see *Winick v Winick,* 26 AD2d 663, mot for lv to app den 19 NY2d 581; 1A Warren's Weed, New York Real Property [4th ed], Delivery, § 3.02). (Appeal from judgment of Erie Supreme Court—constructive trust.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Witmer, JJ.