■ Adolph Clausi et al., Respondents, v Frances Meddaugh, Also Known as Frances M. Watts, Appellant.—Casey, J. Appeal from a judgment of the County Court of Greene County in favor of plaintiffs, entered July 16, 1984, upon a decision of the court at Trial Term (Fromer, J.), without a jury.

Plaintiffs commenced this action pursuant to RPAPL article 15 to determine the validity of defendant's claim to an easement over plaintiffs' property. Trial Term found that defendant had acquired an easement by grant and that the right-of-way crossed plaintiffs' property in the location testified to by defendant, but that the easement had been extinguished by abandonment. We conclude that the proof does not support Trial Term's finding of abandonment.

The properties at issue were commonly owned until 1862, when the parcel of land now owned by defendant was conveyed to defendant's predecessor by a deed which also established an easement for ingress and egress over a then-existing path or roadway on the lot now owned by plaintiffs. From at least 1940 until sometime in the mid-1960's, defendant's lot was used as pastureland for the grazing of young stock. According to defendant, the cattle were brought in by truck to the beginning of the right-of-way and then walked in approximately one mile to defendant's land. The right-of-way was also used at least weekly during the grazing season to check on the cattle. In 1958 or 1959, the Cairo Fish and Game Club constructed a large pond on plaintiffs' property, with the permission of plaintiffs' predecessors in title. A small spill-over pond was constructed on defendant's land with defendant's permission. The large pond submerged a portion of the right-of-way near defendant's lot, but she was unaware of this until after the pond had been completed. Defendant never objected to the location of the pond; instead, she and her family continued to use the unobstructed portion of the right-of-way and walked around the edge of the pond to get to their land.

After the mid-1960's, defendant's lot was used only for recreational purposes—hiking, hunting and horseback riding —and apparently the use was sporadic and infrequent, for the right-of-way became overgrown with vegetation. In 1974, plaintiffs constructed a road across their land to the pond and put a cable across the entrance to the new road. Defendant presented proof that the new road is located for the most part along defendant's easement, and Trial Term so found. Plaintiffs denied defendant's request for a key to the padlock on the cable and, therefore, defendant has refrained from using the

easement since 1974. Subsequent to the commencement of this proceeding in 1979, defendant obtained access to her lot over other lands, but this was by license from the adjoining landowners.

Based upon our review of the record, we agree with Trial Term's findings that defendant has an easement by grant, not by necessity, and that the new road put in by plaintiffs is located along that easement. On the issue of abandonment, however, we disagree with Trial Term.

As recognized by Trial Term, an easement created by grant cannot be extinguished by nonuse alone for any length of time; such an easement may be lost by abandonment, conveyance, condemnation or adverse possession *(Consolidated Rail Corp. v MASP Equip. Corp.,* 109 AD2d 604, 606). "In order to prove an abandonment it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement * * * Furthermore, acts evincing an intention to abandon must be unequivocal. They must clearly demonstrate the permanent relinquishment of all right to the easement" *(Gerbig v Zumpano,* 7 NY2d 327, 331).

In the circumstances presented here, we conclude that defendant's failure to object to the location of the pond did not clearly demonstrate the permanent relinquishment of all right to the easement, particularly since defendant continued to use most of the right-of-way and took an alternate route around the pond. Assuming that defendant's easement could be restricted to nonvehicular use by partial abandonment, as claimed by plaintiffs, we find the proof of nonuse insufficient to support such a conclusion. We also reject plaintiffs' contentions that defendant has lost her easement by adverse possession and that defendant should be estopped from asserting her right to the easement. The judgment should be modified to declare defendant's rights in plaintiffs' property.

Judgment modified, on the law and the facts, with costs to defendant, by deleting the three decretal paragraphs; substitute therefor a provision declaring that defendant has an easement by grant over plaintiffs' land, that the easement follows the roadway recently constructed by plaintiffs, and that the easement has not been extinguished; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.